UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RUENELLE B. HICKMAN                    CIVIL ACTION


VERSUS                                 NO: 06-7496


GARCIA INSURANCE AGENCY, INC.          SECTION: "R"(5)
ET AL



**ORDER AND REASONS**

     Before the Court is plaintiff's motion to remand.  For the

following reasons, the Court DENIES plaintiff's motion.



I.   **BACKGROUND**

     Plaintiff sued State Farm Fire and Casualty Company, its

flood insurer, and Garcia Insurance Agency, Inc., its insurance

agent, after plaintiff's home suffered damage as a result of

Hurricane Katrina.  Plaintiff's insurance agent procured

plaintiff's flood insurance policy, which does not include

contents coverage.  Plaintiff alleges that "defendants, either

individually or collectively, failed to maintain contents

coverage" and "allowed without her permission, knowledge,

acquiescence or agreement, her contents coverage under the flood

policy to be eliminated." (R. Doc. 1-2 at 3, ¶ 4). The effective dates of the policy were July 3, 2005 through July 3, 2006. (*Id*. at 2, ¶ 3).

State Farm Fire and Casualty Company, a foreign insurer with neither citizenship nor a principal place of business in Louisiana, contends that Garcia, domiciled in Louisiana, is improperly joined because there is no reasonable basis on which plaintiff can state a claim under Louisiana law against the insurance agent. Defendants assert that Hickman has failed to establish a cause of action against the insurance agent and that even if she has properly alleged a cause of action, it is perempted by the terms of La. Rev. Stat. § 9:5606.

The insurer lacks citizenship or a principal place of business in Louisiana. The insurance agent is a citizen of Louisiana. As such, the parties are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332. *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). Plaintiff filed its complaint in Louisiana state court on August 28, 2006. Defendants then removed the case on October 6, 2006. Plaintiff filed a motion to remand this matter to state court on July 25, 2007. Defendants assert that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the nondiverse

2

insurance agent defendant has been improperly joined.

Defendants additionally assert that federal jurisdiction is proper pursuant to 42 U.S.C. § 4072, original exclusive jurisdiction over claims involving the administration of an existing flood policy, and 28 U.S.C. § 1331, federal question jurisdiction, because Hickman's claim is a claim relating to State Farm's administration or handling of an existing flood policy. Defendants assert that state law claims against State Farm are preempted because State Farm is a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program. The Court denies the motion to remand because plaintiff's claims against the non-diverse insurance agent are peremepted under La. Rev. Stat. § 9:5606. The Court does not address defendants' separate preemption argument.

## II.  LEGAL STANDARDS

### A.   Applying Louisiana Law

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be

"contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)).  To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it.  *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

   **B.   Removal**

   A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited

jurisdiction, that removal statutes should be strictly construed.
*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d
720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL
419901, at *2 (E.D. La. 1995).  Though the Court must remand the
case to state court if at any time before final judgment it
appears that it lacks subject matter jurisdiction, the Court's
jurisdiction is fixed as of the time of removal.  28 U.S.C. §
1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir.
1996).

**C.   Improper Joinder**

When a nondiverse party is properly joined as a defendant, a
defendant may not remove under section 1332.  However, a
defendant may remove by showing that the nondiverse party was
improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d
220, 222 (5th Cir. 2003).  Because the doctrine is a narrow
exception to the rule of complete diversity, the burden of
demonstrating improper joinder is a heavy one.  *Id*.  Improper
joinder may be established by showing: (1) actual fraud in
pleading jurisdictional facts; or (2) the inability of the
plaintiff to establish a cause of action against the nondiverse
defendant.[1]  *Ross v. Citifinancial, Inc*., 344 F.3d 458, 461 (5th

---

[1] The Fifth Circuit now officially refers to "fraudulent
joinder" as "improper joinder."  *See Melder v. Allstate Corp.*,

Cir. 2003).  In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant.  *Id*. at 462-63.  The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant.  *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Id.*  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.  *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry, the Court "must also take into account all unchallenged factual

---

404 F.3d 328, 329 (5th Cir. 2005).  However, the term "fraudulent joinder" is still used in many Fifth Circuit cases, causing no shortage of confusion.

allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

## III. DISCUSSION

Plaintiff alleges in her petition for damages that her lack of contents coverage is both "a procurement issue" and that the defendant insurance agents "failed to maintain contents coverage." (R. Doc. 1-2 at 3, ¶ 4).  In her motion to remand, plaintiff additionally alleges that Garcia had a duty to provide her "professional advice with respect to her procurement of insurance coverage for the contents of her home." (R. Doc. 12 at 3).

Defendants contend that there is no cause of action against an agent for failure to advise and therefore the insurance agent defendant must be dismissed.  Defendants further argue that even assuming Garcia owed a duty to the plaintiff that it breached, any claim arising from that duty is perempted under La. Rev. Stat. § 9:5606, a statute establishing peremptive periods for contract and tort actions brought against insurance agents.  The statute provides as follows:

No action for damages against any insurance agent . . .

7

whether based upon tort, or breach of contract, or
otherwise, arising out of an engagement to provide
insurance services shall be brought unless filed . . .
within one year from the date of the alleged act,
omission, or neglect, or within one year from the date
that the alleged act, omission, or neglect is
discovered or should have been discovered. However,
even as to actions filed within one year from the date
of such discovery, in all events such actions shall be
filed at the latest within three years from the date of
the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606.

Under the express terms of the statute, regardless of
whether plaintiff sued within one year of discovering its cause
of action, the claim is still perempted if plaintiff does not
bring it within three years of the act, omission, or neglect.
La. Rev. Stat. § 9:5606.  Further, peremptive statutes are not
subject to suspension.  *Reeder v. North*, 701 So. 2d 1291 (La.
1997).

Subsequent renewals of insurance policies do not restart the
peremptive period on torts committed at the time of initial
purchase.  *See Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179,
1182-83 (La. Ct. App. 2004); *Bel v. State Farm Mut. Auto. Ins.
Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003); *see also
Bordelon v. The Indep. Order of Foresters*, 2005 WL 3543815 at *3
(E.D. La. 2005).  Renewals can, however, restart the prescriptive
basis when the "complained of conduct ... consist[s] of separate
and distinct acts, each of which gives rise to immediately

8

apparent damages." *Biggers*, 886 So. 2d at 1182.

Based on the allegations set forth in plaintiff's state court petition, the Court finds that plaintiff's claims against Garcia are perempted.  Defendant State Farm submitted an affidavit stating that Hickman first purchased a flood insurance policy in July of 1993.  (Rec. Doc. 15-2, ¶ 4).  At that time Hickman did not request contents coverage for her property. State Farm mailed a declarations page for the policy to Hickman that indicated that there was no contents coverage for her dwelling. (*See id*. at ¶¶ 7-8).  Hickman annually renewed the policy without any changes except on May 4, 2005, when plaintiff increased her dwelling coverage amount from $79,100 to $200,000. (*See id*. at ¶¶ 9, 12).  State Farm again mailed a declarations page reflecting this increase and no contents coverage to plaintiff.  (*See id.* ¶ 13).  Plaintiff has not submitted any record evidence to controvert defendant State Farm's affidavit.

Plaintiff's claims, to the extent they date back to the initial procurement of the flood insurance policy in 1993, are perempted under the three year peremptive period of La. Rev. Stat. § 9:5606, which ran in 1996.  Even assuming that the insurance agent committed some separate and distinct act in 2005 that restarted the peremptive periods, plaintiff's claim is still barred.  Hickman contends in her motion to remand that at the

time she requested an increase in her flood insurance policy in
May of 2005, Garcia should have advised her "of the need for, the
availability of and/or her lack of contents coverage under the
flood insurance policy." (R. Doc. 12 at 4).  Plaintiff did not
file suit until August of 2006, over a year later.  Her claims
are perempted under the one-year peremptive period of La. Rev.
Stat. § 9:5606 if she filed her lawsuit more than one year after
she discovered or should have discovered defendant's misconduct.

It is well-established that an insured party is generally
responsible for reading her policy, and she is presumed to know
its provisions.  *See Motors Ins. Co. v. Bud's Boat Rental, Inc.*,
917 F.2d 199, 205 (5th Cir. 1990); *Kiernan v. Commercial Union
Ins. Co.*, 271 So. 2d 889, 892 (La. Ct. App. 1973).  The statutory
period begins to run when the injured party discovered or should
have discovered the defendant's conduct. La. Rev. Stat. § 9:5606.
Hickman either knew or should have known that her flood insurance
policy did not include contents coverage upon receipt of the
State Farm declarations page.  Hickman had all of the information
she needed for a potential suit against Garcia in May of 2005;
therefore any claim brought after May of 2006 is perempted.

As such, the Court finds that plaintiff does not have a
reasonable possibility of recovery against Garcia and that Garcia
is improperly joined.  The Court thus has jurisdiction over this

matter.

**IV.   CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this 25th day of September, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE