UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUENELLE B. HICKMAN                           CIVIL ACTION

VERSUS                                        NO: 06-7496

GARCIA INSURANCE AGENCY, INC.                 SECTION: "R"(5)
ET AL.

**ORDER AND REASONS**

Before the Court is plaintiff's motion for rehearing on plaintiff's motion to remand pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and defendants' motion for summary judgment pursuant to Rule 56(c). For the following reasons, the Court DENIES plaintiff's motion for rehearing and GRANTS defendants' motion for summary judgment.

**I.   BACKGROUND**

Plaintiff sued State Farm Fire and Casualty Company, her flood insurer, and Garcia Insurance Agency, Inc., her insurance agent, after plaintiff's home suffered damage as a result of Hurricane Katrina. Plaintiff's insurance agent procured plaintiff's flood insurance policy, which does not include

contents coverage.  The effective dates of the policy were July 3, 2005 through July 3, 2006. (Pl.'s Compl. ¶ 3).  Plaintiff alleges in her petition for damages that "she had contents coverage," but "defendants, either individually or collectively, failed to maintain contents coverage" and "allowed without her permission, knowledge, acquiescence or agreement, her contents coverage under the flood policy to be eliminated." (*Id.* ¶ 4).

Plaintiff filed her complaint in Louisiana state court on August 28, 2006.  Defendants removed the case and plaintiff filed a motion to remand this matter to state court.  The Court denied the motion with reasons on September 25, 2007.  The Court held that plaintiff's claims against Garcia were perempted by the terms of La. Rev. Stat. § 9:5606 because plaintiff either knew or should have known from the terms of her State Farm declarations page that her flood insurance policy did not include contents coverage in May of 2005, more than a year before she filed suit. (R. Doc. 27).  Plaintiff filed a motion for rehearing on the motion to remand on October 5, 2007, claiming that she is not alleging that Garcia failed to procure contents coverage, but that Garcia breached a duty to advise her to procure contents coverage, which breach she did not discover until September of 2005.

On October 2, 2007, defendants filed a motion for summary

judgment, asserting that based on this Court's holding denying plaintiff's motion to remand, plaintiff's claims against Garcia should be dismissed with prejudice. Defendants additionally contend that because plaintiff does not allege any improper conduct by State Farm apart from the asserted actions and/or omissions of the insurance agent, Garcia, plaintiff's claims against State Farm must also be dismissed. Plaintiff opposes defendants' motion for summary judgment, but asks that the Court consider her motion for rehearing prior to consideration of defendants' motion for summary judgment. The Court addresses both motions below.

## II.  LEGAL STANDARDS

### A.  Applying Louisiana Law

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in

reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).* In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

    **B.   Motion for Rehearing**

A motion for rehearing filed within ten days of judgment is treated as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993). The Fifth Circuit has held that a motion for rehearing "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quoting *Waltman v. Int'l Paper*

*Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  The granting of a Rule 59(e) motion "is an extraordinary remedy that should be used sparingly." *Id.*

### C.   Summary Judgment

A motion for summary judgment is properly granted when there are no genuine issues as to any material fact, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  An issue is material if its resolution could affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 248 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.* at 249. The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts

showing that a genuine issue exists. *Id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

   **A.**   **Rehearing**

Plaintiff asserts in her motion for rehearing that Garcia "had a duty, upon receiving a request from an existing policy holder for additional coverage, to advise of the need for, the availability of and/or her lack of contents coverage under the flood insurance policy." (Pl.'s Mot. Rehearing at 2).  Plaintiff contends that she did not discover Garcia's alleged breach of duty until September of 2005, when she realized she was underinsured for the damage Hurricane Katrina caused her home; therefore her lawsuit filed in August of 2006 was within the one year peremptive period mandated by La. Rev. Stat. § 9:5606.[1]  The

---

[1] La. Rev. Stat. § 9:5606 provides: "No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the

Court has reviewed plaintiff's newly introduced affidavit[2] and considered her re-characterization of the allegations set forth in her state court petition.  The Court finds that plaintiff has still not alleged a cause of action against Garcia upon which she can prevail, and therefore affirms its denial of plaintiff's motion to remand.

The Court already held that plaintiff cannot prevail on a cause of action against Garcia for breach of the duty to procure. It is uncontested that plaintiff requested an increase in her flood coverage from $79,000 to $200,000, which coverage Garcia procured. (*See* Hickman Aff. ¶ 2, 4, R. Doc. 31-2).  Plaintiff's reliance on *Hoffman v. Alliance Ins. Agency Services, Inc.*, 2007 WL 2088373 (2007) is therefore misplaced; *Hoffman* involved a duty to procure. *See id.* at *3 (finding that plaintiffs' allegation that their insurance agents failed to place the insurance they requested sufficiently alleged a cause of action for failure to procure).  Plaintiff now claims that Garcia's breach of duty was a failure to independently and unilaterally assess plaintiff's insurance needs and recommend that she obtain contents coverage.

---

alleged act, omission, or neglect."

[2] The Court has considered plaintiff's affidavit even though plaintiff has proffered no reason why she was unable to provide the Court this affidavit at the time of judgment on the motion to remand. *See Templet*, *supra*, at 478-79.

Plaintiff contends that insurance agents "should" owe similar fiduciary duties to their clients as those owed by a physician to a patient and a lawyer to a client. (Pl.'s Mot. Rehearing at 4-5). Although in some limited circumstances Louisiana courts have found that insurance agents owe a fiduciary duty to their insureds, *Taylor v. Sider*, 765 So. 2d 416, 419 (La. App. 2000), the Court finds that based on the facts of this case, plaintiff has not alleged circumstances that would require this Court to find that Garcia had a duty to advise plaintiff to purchase contents coverage.

Plaintiff relies on the case *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Company*, 910 F.2d 224 (5th Cir. 1990), in support of her argument that Garcia owed her a duty to advise.[3]  In *Offshore*, plaintiff worked for a company that laid offshore oil pipelines.  He requested that his insurance broker obtain stand-by coverage.[4]  Plaintiff was

---

[3] Although defendant argues that *Offshore* is immaterial because the defendant in the case was an insurance broker, not an insurance agent, Louisiana courts have recognized that the duties applicable to brokers and agents are the same where there is an agreement to procure insurance. *See, e.g., Crayton v. Sentry Ins. Co.*, 612 So. 2d 767, 771 (La. App. 1993). Additionally, the Court's opinion appears to use the terms "agent" and "broker" interchangeably, thus creating some confusion as to the applicability of its holding.

[4] "Stand-by coverage insures a company that has mobilized its equipment against losses incurred when equipment or the

specifically concerned about stand-bys caused by bad weather. *Id.* at 227.  Plaintiff's insurance broker procured stand-by coverage and informed him that it would cover standby "for whatever reason."  When plaintiff then made a claim and the insurer refused to cover a stand-by due to bad weather, plaintiff sued his broker.  The Fifth Circuit held that as plaintiff's regular insurance broker, who was aware of a specific risk for which his client desired coverage, and who had worked for 30 years in the insurance industry specializing in insuring enterprises that service oil companies, defendant was liable to plaintiff for failure to obtain the requested coverage. *Id.* at 230-31.  The Court found that under these circumstances the insurance broker was "more than a 'mere order taker' for the insured." *See id.* at 230.  His fiduciary duties included "advising his client with regard to recommended coverage" and informing him when the policy he procured did not cover "a specific risk about which the client expressed concern." *Id.* at 230-31.

   In plaintiff's case, there is no evidence that Garcia held himself out as providing any services to plaintiff other than procurement of the insurance she requested.  Plaintiff herself

---

project itself is damaged, and some of the mobilized equipment or workers must remain idle while the damage is repaired." *Offshore*, 910 F.2d at 227.

states by affidavit:

> Garcia did not make any inquiries into my insurance needs, did not recommend any additional coverage, did not explain that additional coverage was available, did not explain that my personal property was not covered under my flood insurance policy, did not recommend any additional insurance, did not explain the difference between contents and dwelling coverage, did not inquire into the reason why I was requesting an additional $129,000 in coverage under my flood policy and did not offer any advice with respect to insurance coverage.

(Hickman Aff. ¶ 3, R. Doc. 31-2).  As is clear from plaintiff's own affidavit, Garcia did not lull her into complacency, *see Hoffman*, 2007 WL 2088373, at *2, lead her to believe he was providing her any services other than procurement of her insurance, or otherwise create a relationship where he owed plaintiff fiduciary duties. *Cf. Zinsel Co. v. J. Everett Eaves, Inc.*, 749 So. 2d 798, 800 (where client had opted every time Congress raised the limits of flood coverage to purchase the maximum flood coverage available, insurance agent had a duty to inform the client that Congress had raised the maximum available limits).

The facts of plaintiff's case are more analogous to *Graves v. State Farm Mutual Auto Insurance Company*, 821 So. 2d 769 (La. App. 2002), than *Offshore*.  In *Graves,* the Louisiana Third Circuit Court of Appeal held that the insurance agent defendants did not have a duty to inquire into their insureds' financial

condition and recommend that they carry higher liability limits or purchase an umbrella policy. *Id.* at 773-74.  The Court stated that there was "no evidence that any of the defendants held themselves out as advisor ... or that there existed a specific relationship or agreement to render insurance advise [sic]." *Id.* at 773-74.  The court found the only duty the insurance agents had was to obtain the coverage desired by the customer, which the agents had done. *Id.* at 772. *See also Dobson v. All State Ins. Co.*, 2006 WL 2078423, at *10 (E.D. La. 2006) (noting that there are no Louisiana cases "imposing a duty on an agent to spontaneously identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage."); *Dooley v. Wright*, 501 So. 2d 980, 985 (La. App. 1987), *writ denied*, 512 So. 2d 442 (La. 1987) (where plaintiff had not requested insurance that would cover his successor liability for a dissolved corporation, "his assumption that [the agent] was obligated to procure such coverage for him was patently unreasonable.").

    Based on the Court's review of the duties of an insurance agent under Louisiana law, the Court finds that Garcia did not owe plaintiff a duty to advise.  The Court re-affirms its order denying plaintiff's motion to remand.  Plaintiff's new allegations, that were not in her complaint, still do not allege

a cause of action against Garcia upon which she can prevail under Louisiana law.  Furthermore, any other viable claims, including failure to procure or misrepresentation, are perempted as stated in this Court's Order and Reasons denying plaintiff's motion to remand.  Although plaintiff asserts that she "is not a sophisticated party who would read and understand the details of an insurance policy," Louisiana law charges her with that responsibility when purchasing insurance coverage. *See Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990) ("the client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy"); *Stephens v. Audobon Ins. Co.*, 665 So. 2d 683, 686 (La. App. 1995) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So. 2d 634, 637 (La. App. 1985)); *Perkins v. Shelter Ins. Co.*, 540 So. 2d 488, 490 (La. App. 1989).  Plaintiff never had contents coverage under her flood insurance policy, which she first purchased in 1993. (Chewning Aff. ¶ 4, R. Doc. 15-2).  Every renewal certificate she received through 2005 reflected that plaintiff did not have contents coverage. (*See id.* ¶ 7, 8, 9-13).  Plaintiff was responsible for reading her flood policy and recognizing that it did not provide coverage for the contents of her home.

B.   **Summary Judgment**

Because plaintiff has not alleged a viable cause of action against Garcia, plaintiff's claims against Garcia are dismissed. Furthermore, because plaintiff has not alleged any additional or separate claims against State Farm, plaintiff has no remaining cause of action against State Farm.[5]  Plaintiff's opposition to defendant's motion for summary judgment is a recitation of the same arguments in her motion for rehearing, which the Court has addressed above.[6]  The Court therefore grants State Farm's motion for summary judgment.

IV.  **CONCLUSION**

For the foregoing reasons, plaintiff's motion for rehearing is DENIED and defendants' motion for summary judgment is GRANTED.

---

[5] The Court has considered the evidence plaintiff submitted with her opposition and supplemental opposition to defendants' motion for summary judgment, but finds that plaintiff's new evidence does not create an issue of material fact.  For example, the "contact details" of a call Garcia received from plaintiff's husband discusses an increase in his homeowner's policy.  This is irrelevant to plaintiff's complaint regarding her flood insurance. (*See* R. Doc. 50-4).

[6] The Court does not address plaintiff's comments in her opposition to defendants' motion for summary judgment regarding untimely discovery because it already granted plaintiff leave to file her opposition past the deadline and leave to file a supplemental opposition memorandum. (R. Docs. 45, 51).

New Orleans, Louisiana, this <u>24th</u> day of October, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE